IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CALVIN ADAIR,

    Petitioner,

v.                                                   CASE NO. 5:12-cv-346-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Pending before the Court is Respondent's Motion to Dismiss the Petition. (Doc. 18.) Because Petitioner did not file a response to the motion, the Court issued an Order to Show Cause. (Doc. 20.) Petitioner has not filed a response and the time to do so has now passed. The motion to dismiss, therefore, is ripe for review. Upon due consideration of the motion to dismiss and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

### One-Year Limitations Period

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation to seek federal habeas corpus review applies to the filing of a habeas petition by a person in custody pursuant to a state court

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

judgment and runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Prisoners whose convictions became final before April 24, 1996, the effective date of the AEDPA, have one year from the effective date of the act to file their habeas action. *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998); *Wilcox v. Fla. Dep't. of Corrections*, 158 F.3d 1209 (11th Cir. 1998). The Eleventh Circuit has clarified that this period does not include the triggering event, and thus, April 24, 1997 is the last possible date a prisoner convicted before the effective date of the AEDPA could timely file a federal habeas action. *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003).

## Discussion

The Petition stems from Petitioner's 1995 Bay County conviction for violating the conditions of community control for his previous felony convictions. Petitioner's state court procedural history is as follows. On August 30, 1993, Petitioner pled nolo

contendere to counts one and two in case 92-2030, and counts one and two in case 92-2031.  (Exs. A, O, P.)   Petitioner was adjudicated guilty and placed on reporting probation and community control.  *Id*.  After violating the terms of community control and being adjudicated guilty of the violation, Petitioner was sentenced on May 3, 1995 to ten years imprisonment on count one, and ten years imprisonment on count two of case 92-2030.  (Exs. A, O.)  Petitioner was also sentenced to thirty years imprisonment on count one and ten years imprisonment on count two on the same day in case 92-2031.  (Exs. A, P.)  The sentence in case 92-2031 was to run consecutive to the sentence in case 92-2030.  (Ex. A.)  Petitioner appealed to the First District Court of Appeal, but after his counsel filed an *Anders*[2] brief, Petitioner filed a notice of voluntary dismissal of his appeal.  (Ex. C.)  The appeal was dismissed on February 28, 1996. (Ex. B.)

The statute of limitations therefore began to run either on February 28, 1996, when the appeal was dismissed or ninety days thereafter the time period for filing a petition for writ of certiorari to the Supreme Court . Under either scenario the petition is long since time barred.

The Eleventh Circuit has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed.  Courts both within and outside the Eleventh Circuit have reached different conclusions on whether petitioners who voluntarily dismiss their appeals are entitled to the 90-day period to petition for a writ of certiorari in the Supreme Court of the United States, or whether their convictions

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

become final on the day their appeal is dismissed. *See, e.g., Westmoreland v. Hetzell*, 840 F.Supp. 2d 1275 (N.D. Ala. 2011) (adopting report and recommendation that the petitioner was not entitled to the 90-day window for seeking certiorari because the petitioner "cannot now benefit from his deliberately choice to forgo a judgment on the merits from the state courts that would have enabled him to seek review in the Supreme Court;") *Mitchell v. Attorney General*, 2008 WL 2385064, Case No. 8:08-cv-466-T-30TGW (M.D. Fla. 2008) (holding that the petitioner's conviction became final when he voluntarily dismissed his direct appeal.) *See also Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006) (citing 28 U.S.C. § 1257 and holding that because the Supreme Court of Georgia was available to review the petitioner's conviction on direct appeal, the petitioner was not entitled to petition the Supreme Court of the United States, and thus was not entitled to the 90-day period.) *But see Chapman v. McNeil*, 2008 WL 2225659, Case No. 3:05-cv-207-LAC-EMT (N.D. Fla. 2008) (adopting report and recommendation that conviction became final 90-days from the date the state appellate court grants a motion for voluntary dismissal;") *McGee v. United States*, 2013 WL 3096825 (S.D. Ga. 2013) (adopting report and recommendation which discusses that there is no consensus among courts within or outside the Eleventh Circuit on when a conviction becomes final after a petitioner voluntarily dismisses his direct appeal, but concluding that the petitioner was entitled to the 90-day window in the context of a § 2255 motion;) *Latham v. United States*, 527 F.3d 651 (7th Cir. 2008) (citing 28 U.S.C. § 1254 and holding that § 2255 petitioner was entitled to 90-day window in which to petition for certiorari where petitioner timely sought to reinstate his appeal.)

While the better reasoned view may be that the statute of limitations begins to run on the date the appeal is voluntarily dismissed, the Court does not need to weigh in on the debate because it makes no difference which date is used. The earliest date the statute of limitations expired was April 24, 1997, a year from the date the AEDPA was enacted.  The petition, theerefore, is untimely whether the Court uses as a starting point February 28, 1996, the date Petitioner's direct appeal was dismissed, or uses May 28, 1996, the date when the 90-day period to file a writ of certiorari review in the Supreme Court of the United States expired. If the Court uses February 28, 1996 the limitations period would have expired on April 24, 1997, the one year period from the enactment of the AEDPA.  If the Court uses May 28, 1996 as the starting point, the statute of limitations expired on May 28, 1997. The petition was filed on October 19, 2012.

The record reflects that in 2011 and 2012, long after the one-year limitation period had expired, Petitioner filed various motions for post-conviction relief and to correct illegal sentence pursuant to Rules 3.850 and 3.800 of the Florida Rules of Criminal Procedure.  (Exs. D – M.)  These motions, however, do not act as tolling motions because the one-year limitation period already had expired.

Because the petition was filed October 19, 2012, more than *fifteen years* after the statute of limitations expired, the petition is time barred.  Accordingly, because Petitioner did not file the instant habeas petition until more than fifteen years after the limitations period already had expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitation period.

**Petitioner is Not Entitled to Equitable Tolling**

"Equitable toling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner makes no showing that he is entitled to equitable tolling in his amended petition. He has alleged no facts suggesting that the fifteen year delay in filing his petition was the result of extraordinary circumstances or that he has diligently pursued any relief. Accordingly, Petitioner is not entitled to equitable tolling.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

*Case No: 5:12-cv-346-MP-GRJ*

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's Motion To Dismiss, Doc. 18, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS,** at Gainesville, Florida, this 20th day of May 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**